PEOPLE *v.* WORKMAN. Appeal from Berrien, Karl F. Zick, J. Submitted Division 3 June 10, 1971, at Grand Rapids. (Docket No. 10572.) Decided June 29, 1971. Leave to appeal applied for July 14, 1971.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Ronald J. Taylor,* Prosecuting Attorney and *Ronald R. Moses,* Assistant Prosecuting Attorney, for the people.

*Murray C. Campbell,* for defendant on appeal.

Before: R. B. BURNS, P. J., and FITZGERALD and J. H. GILLIS, JJ.

MEMORANDUM OPINION. Defendant was charged with the statutory rape (MCLA § 750.520 [Stat Ann 1954 Rev § 28.788]) of a 12-year-old girl and was convicted by a jury of the lesser included offense of assault with intent to commit the crime of rape (MCLA § 750.85 [Stat Ann 1962 Rev § 28.280]).

Defendant alleges that the verdict was contrary to law and that there was insufficient evidence to warrant a conviction beyond a reasonable doubt and that prejudicial error occurred on defendant's cross-examination by the prosecuting attorney.

An examination of the record discloses no jurisdictional or fundamental error which would require a reversal of the conviction.

Affirmed.

PEOPLE *v.* McDUFFEE. Appeal from Recorder's Court of Detroit, Joseph E. Maher, J. Submitted Division 1 May 25, 1971, at Lansing. (Docket No. 10955.) Decided June 29, 1971.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*John L. Belanger,* for defendant on appeal.

Before: QUINN, P. J., and McGREGOR and BRONSON, JJ.

PER CURIAM. Defendant pled guilty to the lesser included offense of larceny from a building.* He made a timely motion to withdraw this plea in the trial court, which motion was denied. He appeals therefrom. The people have filed a motion to affirm pursuant to GCR 1963, 817.5(3).

A review of the briefs and plea transcript in this cause makes it manifest that the question sought to be reviewed is so insubstantial as to need no argument or formal submission.

Accordingly the motion to affirm is granted.

---

* MCLA § 750.360 (Stat Ann 1954 Rev § 28.592).